IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Roy Sutherland, | Civil Action No. 0:19-2106-JFA-MGB |
| Plaintiff, | |
| vs. | **ORDER** |
| South Carolina Department of Corrections; Warden Levern Cohen, individually and/or in his official capacity as Warden of Ridgeland Correctional Institution, | |
| Defendants. | |

## I. INTRODUCTION

Roy Sutherland ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 and the South Carolina Tort Claims Act ("SCTCA"), S.C. Code Ann. §§ 15-78-10 *et seq*. (ECF No. 2). Although this case was originally filed as a multi-Plaintiff action on October 31, 2017, the cases were later severed into separate actions. (ECF No. 1).

This matter is before the Court on Defendants South Carolina Department of Corrections' ("SCDC") and Warden Levern Cohen's (Cohen) Motion for Summary Judgment. (ECF No. 3). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this case was referred to the Magistrate Judge.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") (ECF No. 47) and opines that Defendants' Motion for Summary

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made,

Judgment (ECF No. 3) should be granted in part and denied in part. Specifically, the Magistrate Judge recommends that the Court grant summary judgment as to Plaintiff's federal claims based on non-exhaustion. Additionally, the Magistrate Judge recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Rather than dismiss those state law claims, the Magistrate Judge recommends they be remanded to Jasper County. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and the Court incorporates those facts and standards without a recitation.

The parties were advised of their right to object to the Report, which was entered on the docket on November 25, 2019. (ECF No. 47). However, the parties failed to file any objections to the Report. Thus, this matter is ripe for review.

## II. LEGAL STANDARD

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

---

and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

## III. DISCUSSION

Although the parties failed to file objections to the Report, out of an abundance of caution, the Court has carefully studied the record and conducted a *de novo* review of the Report. Briefly, the instant case arises from an alleged inmate-on-inmate attack that occurred at Ridgeland Correctional Institution ("Ridgeland"). Plaintiff alleges that on November 6, 2016 he was attacked by three inmates while in his room. He alleges one of the inmates "pulled out a knife and stabbed" him. The next day, Plaintiff was taken to medical for treatment of his stab wound.

In the amended complaint, Plaintiff alleges four causes of action for: (1) injunctive relief pursuant to S.C. Code Ann. § 15-43-30 and 42 U.S.C. § 1983; (2) deliberate indifference against Defendant Cohen pursuant to § 1983; and (3) failure to implement appropriate policies, customs, and practices against Defendant Cohen pursuant to § 1983; and (4) violation of the SCTCA against Defendants SCDC and Cohen. Additionally, Plaintiff seeks relief under the "the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution."

### a. Plaintiff's Federal Claims should be Dismissed for Failure to Exhaust.

The Magistrate Judge recommends that the Court grant Defendants' motion for summary judgment as to Plaintiff's federal claims based on his failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act.

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

The Fourth Circuit has held that "whether a Plaintiff has properly exhausted all administrative remedies is a pure question of law…" *E.L ex rel. Lorsson v. Chapel Hill-Carrboro*

*Bd. of Educ.*, 773 F.3d 509, 514 (4th Cir. 2014); *Talbot v. Lucy Corr Nursing Home*, 118 F.3d 215, 218 (4th Cir. 1997) (holding that whether plaintiff properly exhausted all administrative remedies is a question of law reviewed de novo). Therefore, the Court may resolve the question of exhaustion without the participation of a jury. *Woodhouse v. Duncan*, 741 Fed. App'x, 177, 178 (4th Cir. 2018) ("Judges may resolve factual disputes relevant to the exhaustion issue without participation of a jury.").

The Court concludes Plaintiff has failed to exhaust his administrative remedies and therefore, he is barred from proceeding with his claims in this Court. Defendants argue that there is no evidence in the record that Plaintiff attempted to exhaust his administrative remedies with respect to his attack. Although Plaintiff testified at his deposition that he filed a staff request and Step 1 grievance regarding the attack on November 6, 2016, Defendants claim that there is no staff request or grievance related to the attack in Defendant SCDC's possession.

As the Magistrate Judge points out, Plaintiff has failed to produce copies of his alleged staff request and Step 1 grievance to support his assertion. Further, Plaintiff has failed to offer any argument in rebuttal in his response in opposition to the motion for summary judgment or in the form of an objection. Instead, Plaintiff simply agrees that he may not meet the standard for exhaustion and if so, he requests the Court remand his state law claims to state court.

Therefore, the Court adopts the Magistrate Judge's Report and grants Defendants' motion for summary judgment as to Plaintiff's federal claims for his failure to exhaust his administrative remedies.

### b. The Court Declines to Exercise Supplemental Jurisdiction.

The Magistrate Judge recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. See 28 U.S.C. § 1367(c)(3) ("The district

courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—…. (3) the district court has dismissed all claims over which it has original jurisdiction."). Defendants argued that the Court should dismiss Plaintiff's state law claims rather than remand them. However, the Magistrate Judge is correct that the dismissal of Plaintiff's federal claims is based on the PLRA which is a federal statute and inapplicable to his state law claims.

Additionally, Defendants argued the Court should analyze Plaintiff's state law claims and apply state statutory exhaustion requirements to those claims. However, the Magistrate Judge correctly concluded that when a Court dismisses all the federal claims presented in a case, the state law claims should be remanded to be resolved in state court.

Therefore, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and will remand those claims for resolution in state court.

### IV.  CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, the Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report and Recommendation. (ECF No. 47). Defendants' Motion for Summary Judgment is granted in and denied in part. (ECF No. 3). Specifically, the Court adopts the Report and grants summary judgment as to Plaintiff's federal claims based on non-exhaustion. Additionally, the Court adopts the report and declines to exercise supplemental jurisdiction over Plaintiff's state law claims and as such, Plaintiff's state law claims will be remanded to Jasper County for resolution.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

April 6, 2020
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District